UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JONATHAN ZUNIGA, | Case No. 3:24-cv-003-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| HARTMAN, *et al.*, | |
| Defendants. | |

Pro se Plaintiff Jonathan Zuniga brings this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Northern Nevada Correctional Center. (ECF No. 6.) At the time Zuniga initiated this case, he applied to proceed in forma pauperis for prisoners ("IFP"). (ECF No. 1.) In the Court's June 12, 2024, screening order, the Court deferred a decision on the application to proceed in forma pauperis. (ECF No. 5 at 1.) The screening order also imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 5, 13.) Zuniga was released from custody before mediation. (ECF No. 23.)

After mediation concluded, the Court denied Zuniga's IFP application (ECF No. 1) as moot. (ECF No. 26 at 1.) The Court also ordered Zuniga to either file an application to proceed in forma pauperis by a non-prisoner within 30 days or pay the full filing fee of $405.00. (*Id.*) The Court provided Zuniga with the approved form for filing an application to proceed in forma pauperis by a non-prisoner and the document entitled information for filing an in forma pauperis application. (*Id.*) Finally, the Court warned Zuniga that failure to comply with the order would result in the action being dismissed with prejudice. (*Id.* at 2.)

Zuniga's application or the full filing fee was due no later than December 1, 2024. Though the time for doing so has passed, Zuniga has neither filed the application to proceed in forma pauperis by a non-prisoner nor paid the full filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Zuniga's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order

does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Zuniga either files a fully complete non-prisoner in forma pauperis application or pays the $405.00 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. Previously, the Court warned Zuniga on two separate occasions that he must change his address, or the complaint would be dismissed. (ECF Nos. 9, 19.) But the reality of repeating ignored orders is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception; there is no hint that Zuniga needs additional time or evidence that he did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. The fifth factor thus favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they support dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff Jonathan Zuniga's failure to file a complete non-prisoner in forma pauperis application or pay the full $405.00 filing fee in compliance with the Court's November 1, 2024, order.

It is further ordered that the Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Jonathan Zuniga wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 18th Day of December 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE